IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CORNELIUS MACKEY,

    Plaintiff,

v.                                                                                                       No. 1:21-cv-01065

DILLARD'S, INC., JON NOTZ, Individually
And as Agent of Dillard's Inc., and JULIE DOE,
Individually and as Agent of Dillard's Inc.,

    Defendants.

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendants Dillard's, Inc. ("Dillard's") and Jon Notz ("Notz" and hereinafter collectively "Defendants"), by and through counsel, Modrall, Sperling, Roehl, Harris & Sisk, P.A. (Tiffany L. Roach Martin and Amanda N. Krasulick), hereby remove the above-captioned case from the Second Judicial District Court for the State of New Mexico, Bernalillo, to the United States District Court for the District of New Mexico. The District Court has original jurisdiction over this action under 28 U.S.C. § 1331 (federal question). In support thereof, Defendants state as follows:

### Grounds for Removal – Federal Question

1.    On September 10, 2021, Plaintiff commenced this action against Defendants by filing a Complaint in the Second Judicial District Court, County of Bernalillo, New Mexico, Case Number D-202-CV-2021-05333 (the "State Action"). Defendant Dillard's was served on October 6, 2021 and Defendant Notz was served on October 5, 2021. True and correct copies of all pleadings and papers filed and served upon Defendants in the State Action are attached hereto as **Exhibit A.**

2. Under 28 U.S.C. § 1441, a defendant in state court may remove the case to federal court when a federal court would have had jurisdiction if the case had been filed there originally. *Topeka Hous. Auth. v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005).

3. One category of cases over which federal district courts have original jurisdiction is "federal question" cases, meaning those cases "arising under the Constitution, laws, or treaties of the United States." *Metro. Life Ins. Co. v. Taylor*, 482 U.S. 58, 63 (1987) (quoting 28 U.S.C. § 1331).

4. Federal question jurisdiction exists when "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983).

5. Here, Plaintiff's Complaint alleges employment termination on the basis of race in violation of 42 U.S.C. § 1981. S*ee* Pl.'s Compl., ¶ 1; *see Cabell v. Chavez-Salido*, 454 U.S. 432, 434 n. 4 (1982) (finding that the district court correctly concluded plaintiffs stated a claim under 42 U.S.C. § 1981, with jurisdiction in the federal district court under 28 U.S.C. § 1331).

6. Because Plaintiff asserts claims arising under federal law, this Court has original jurisdiction under 28 U.S.C. § 1331. Defendants may remove this action pursuant to 28 U.S.C. § 1441(a) because it arises under federal law, presents a federal question, and is controlled by federal law.

7. No responsive pleadings to the Complaint have been filed in the State Action.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) because it is the District Court and division embracing the place where this action is pending.

**Timeliness of Removal**

9. This Notice is filed with the Court within thirty (30) days after the date of service of Plaintiff's Complaint. Accordingly, removal of this action is timely pursuant to 28 U.S.C. § 1446(b) and *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

**Consent of All Parties**

10. Consent of all defendants who have been served is required to properly effectuate removal. See 28 U.S.C. §1446(b)(2)(A) (providing that "all defendants who have been properly joined and served must join in or consent to the removal of the action"). See also *Sheldon v. Khanal*, 502 F. App'x 765, 770 (10th Cir. 2012) (holding that under the "clear statutory language," only "served defendants" must consent to removal); *Zambrano v. N.M. Corr. Dep't*, 256 F.Supp.3d 1179, 1182 (D.N.M. 2017) ("A defendant's consent to removal is not necessary where he or she has not been served at the time another defendant filed its notice of removal."); *May v. Bd. of Cnty. Comm'rs for Cibola Cnty.*, 945 F. Supp. 2d 1277, 1296 (D.N.M. 2013) (same).

11. Having filed this Notice of Removal, Defendants Dillard's and Notz consent to removal.

12. The identity of the remaining "Julie Doe" defendant is unknown. As a result, the consent of the unidentified and unknown defendant cannot be obtained, and is not required. While Plaintiff filed a return of service for "Julie Doe" at the address of Dillard's registered agent, such service is improper because Dillard's is unaware of an individual named "Julie Doe", thus her identity is unknown, and service of process upon an individual at the address of a corporation's registered agent is improper. *See* NMRA 1-004 (outlining methods for serving an individual and not including service upon her employer's registered agent). It is well established that the consent of "nominal, unknown, unserved or fraudulently joined defendants" is not required. *McShares, Inc. v. Barry*, 979 F. Supp. 1338, 1342 (D. Kan. 1997);

*Schoonmaker v. Holland*, 2013 WL 5300592 (D.N.J. Sept. 17, 2013) (explaining that exceptions to the rule of unanimity include a defendant that is an unknown, fraudulently joined, or improperly served). *See also Doe v. Sunflower Markets,* 831 F.Supp.2d 1276, 1279-80 (D.N.M. 2011) (when removing party has no basis to conclude that a defendant has been served at the time of removal, that party is not obligated to secure consent of unserved defendant before removal). If the Doe defendant is properly identified and served, she will have 30 days to determine whether she wishes to join in and consent to this notice of removal. *See* § 1446(b)(2); *Zambrano*, 256 F.Supp.3d 1179, 1182 (citing *Sawyer v. USAA Ins. Co.*, 839 F. Supp. 2d 1189, 1208 (D.N.M. 2012), for the proposition that "[t]he Court follows the 'last-served rule' where 'the clock begins running on each defendant to either remove a case or join a removal petition when that defendant receives formal service of process'"); *Bonadeo v. Lujan*, No. CIV-08-0812 JB/ACT, 2009 WL 1324119, at *14 (D.N.M. Apr. 30, 2009) (explaining that under last-served defendant rule, a defendant served after a notice of removal is filed may decide whether to join the existing removal petition).

13. Defendants Dillard's and Notz, by virtue of filing this Notice of Removal, do not waive any defenses or objections available to them under all applicable laws.

**Notices**

14. A copy of this Notice is being filed with the Clerk of the Second Judicial District Court, County of Bernalillo, New Mexico, and has been served on Plaintiff in accordance with 28 U.S.C. § 1446(d).

15. Pursuant to D.N.M.LR-Civ. 81.1, to the extent not already provided via this Notice, Defendants will file with the Clerk of the United States District Court for the District of New

Mexico legible copies of all records and proceedings from the State Action within twenty-eight (28) days after filing this Notice of Removal.

## Conclusion

16. Defendants have satisfied all requirements for removal and reserve the right to amend this Notice of Removal. If any questions of the propriety of this removal should arise, Defendants request the opportunity to present a brief and argument in support of this removal.

WHEREFORE, Defendants Dillard's and Notz respectfully request that this Court assume full jurisdiction over the action as provided by law.

MODRALL, SPERLING, ROEHL, HARRIS & SISK, P.A.

By: */s/ Amanda N. Krasulick*
Tiffany L. Roach Martin
Amanda N. Krasulick
500 Fourth Street NW, Suite 1000
Albuquerque, New Mexico 87102
Telephone: 505-848-1800
tlr@modrall.com
amanda.krasulick@modrall.com
*Attorneys for Defendants Dillard's, Inc. and Jon Notz*

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on this 3rd day of November, 2021, we filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

MODRALL, SPERLING, ROEHL, HARRIS & SISK, P.A.

By:*/s/ Amanda N. Krasulick*
Amanda N. Krasulick

W4183063.DOCX