IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CORNELIUS MACKEY,

    Plaintiff,

v.                                                 Civ. No. 1:21-cv-01065 MIS/JHR

DILLARD'S INC., JON NOTZ,
and JULIE DOE,

    Defendants.

## **MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on Defendants'[1] Motion to Compel Arbitration and Dismiss Plaintiff's Claims with Prejudice, or in the Alternative, Stay Proceedings Pending Arbitration. ECF No. 9. Plaintiff did not file a response within the time allowed. For the reasons that follow, the Court will grant Defendants' Motion and dismiss Plaintiff's claims with prejudice.

## **BACKGROUND**

Plaintiff filed suit on September 10, 2021, in the Second Judicial District Court of Bernalillo County, alleging racial discrimination in violation of 42 U.S.C. § 1981. ECF No. 1-1. Plaintiff was employed by Defendant Dillard's, Inc. ("Dillard's") from approximately May 29, 2015, through January 16, 2018, and was rehired on approximately March 26, 2018. ECF No. 9-1 at 4, ¶ 17. On October 11, 2019, Plaintiff was working in the receiving department of Dillard's Store 920 in Albuquerque, New Mexico. *Id.* He was terminated following a workplace altercation. *Id.*; ECF No. 1-1 at ¶ 45.

---

[1] The Motion to Compel Arbitration was filed by Defendant Dillard's, Inc., and Defendant Jon Notz. ECF No. 9. Defendant Julie Doe has not yet been identified or served, and therefore has not entered an appearance in the case.

1

Plaintiff alleges Defendants discriminated against him on the basis of his race by terminating Plaintiff and not the employee actually at fault in the altercation, who was wielding a box cutter.[2] ECF No. 1-1 at ¶¶ 41–42, 45.

When Plaintiff applied for employment with Dillard's on March 21, 2018,[3] he signed an Agreement to Arbitrate Legal Claims (the "Arbitration Agreement"). ECF No. 9-1. This agreement provided for mandatory arbitration of "all Legal Claims" between Dillard's and Plaintiff. *Id.* at 26. Arbitrable claims specifically included, but were not limited to, legal claims for "[d]iscrimination or harassment on the basis of race." *Id*. At the top of the signature page, in bolded and underlined letters, the Arbitration Agreement stated: "**IMPORTANT NOTICE: THIS AGREEMENT WAIVES YOUR RIGHT TO A JURY TRIAL AND TO PURSUE LITIGATION IN COURT. READ IT CAREFULLY BEFORE SIGNING.**" *Id*. at 34. The Arbitration Agreement also contained the following delegation provision:

> Any dispute over a Legal Claim concerning this Agreement—the way it was formed, its applicability, meaning, enforceability, validity, recission, waiver of the right or obligation to arbitrate or any claim that all or part of this Agreement is void or voidable—is subject to arbitration under this Agreement.

*Id*. at 32. Plaintiff signed both an electronic copy and a hard copy of the Arbitration Agreement. *Id*. at 4, ¶ 21.

---

[2] Plaintiff alleges that three employees of Dillard's were involved in the altercation: Mike McDonald, Plaintiff's direct supervisor; Alex Perez, another employee; and Plaintiff, who became physically involved in the fight only after Perez pulled out a box cutter. ECF No. 1-1 at ¶¶ 22–37.

[3] Although the Court agrees with Defendants that the 2018 Arbitration Agreement controls, Plaintiff signed a substantively similar Arbitration Agreement when first employed by Dillard's in 2016. ECF No. 9-1 at 25. Therefore, the Court would reach the same result under either agreement.

Defendants removed this action to federal court on November 3, 2021, and filed their Motion to Compel Arbitration on November 24, 2021. ECF Nos. 1, 9. Plaintiff did not file a response. Defendants' Motion is now before the Court.

## LEGAL STANDARD

The Federal Arbitration Act ("FAA")[4] provides that a written agreement to arbitrate a contract involving interstate commerce "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Where a valid arbitration agreement exists, the court must stay proceedings and direct the parties to proceed to arbitration. *Id*. §§ 3, 4. The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (citing 9 U.S.C. §§ 3, 4). This provision "reflects 'a liberal federal policy favoring arbitration agreements,' and creates 'a body of federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the Act.'" *BOSCA, Inc. v. Bd. of Cnty. Comm'rs*, 853 F.3d 1165, 1170 (10th Cir. 2017) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)).

Where, however, the scope, validity, or enforceability of the arbitration agreement is in dispute, the court must first determine whether the parties agreed to arbitrate the claims alleged. *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth*, 473 U.S. 614, 626

---

[4] No party disputes that the Federal Arbitration Act applies to the Arbitration Agreement signed by Plaintiff, and the application of the FAA appears consistent with controlling case law. *See Citizens Bank v. Alafabco, Inc.*, 539 U.S. 52 (2003). Moreover, the Arbitration Agreement states: "[I]t is agreed that the Federal Arbitration Act, 9 U.S.C. § 1 *et seq*, shall apply to these Rules and govern the arbitration." ECF No. 9-1 at 26.

3

(1985). This is determined with reference to the "federal substantive law of arbitrability," *id*., and applicable state law, Arthur Andersen LLP v. Carlisle, 556 U.S. 624, 630–31 (2009). The FAA establishes that "as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." Moses H. Cone, 460 U.S. at 24–25.

## DISCUSSION

Although Plaintiff did not concur in Defendants' Motion, *see* ECF No. 9 at 2 n.3, Plaintiff did not respond and has therefore raised no challenge to the application of the Arbitration Agreement. *See* D.N.M.LR-Civ. 7.1(b) ("The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion.").

In any event, because the Arbitration Agreement contained a provision delegating any disputes over its "applicability, meaning, enforceability, validity, recission, [or] waiver" to the arbitrator, this Court is without power to consider challenges to the Arbitration Agreement except as they relate specifically to the delegation provision. *See Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 68–69 (2010) ("[P]arties can agree to arbitrate 'gateway' questions of 'arbitrability,' such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy."). Because the evidence clearly demonstrates that the parties executed an agreement to arbitrate, and because Plaintiff does not dispute the validity or enforceability of the delegation provision, the Court must compel arbitration of Plaintiff's claim against Defendant Dillard's. *See* 9 U.S.C. § 3.

Defendants also move to compel arbitration of Plaintiff's claims against Defendant Jon Notz and Defendant Julie Doe. While contracts are not generally enforceable by non-signatories, New Mexico courts recognize an exception for third-party beneficiaries. *Fleet Mortg. Corp. v. Schuster*, 811 P.2d 81, 82 (N.M. 1991). "Whether a party is a third-party beneficiary depends on if the parties to the contract intended to benefit the third party," and such intent may appear "from the contract itself." *Id*. at 82–83. The Arbitration Agreement clearly contemplated benefit to third-party employees of Dillard's, as follows:

> "Dillard's" or the "Company" means Dillard's, Inc. and all present and past subsidiaries, Limited Liability Partnerships and affiliated companies, all retirement, pension and benefit committees and all officers, directors, fellow associates, managers, supervisors and all agents in their personal or official capacities.

ECF No. 9-1 at 32; *see also Gibson v. Wal-Mart Stores, Inc.*, 181 F.3d 1163, 1170 (10th Cir. 1999) (holding the district court properly dismissed claims against a fellow employee where the plaintiff, by signing the arbitration agreement, "waived and released" all claims against Wal-Mart employees). Based on the plain language of the contract, the Court concludes that Defendants Jon Notz and Julie Doe, as Dillard's employees[5] sued in connection with Plaintiff's termination, are third-party beneficiaries of the Arbitration Agreement. Plaintiff's claims against Defendants Notz and Doe must therefore be submitted to arbitration.

The final question before the Court is whether this action should be dismissed or stayed pending arbitration of Plaintiff's claims. The FAA directs the court to "stay the trial

---

[5] Although the Complaint does not specify the precise job duties of the individual Defendants, it is clear from Plaintiff's allegations that they were associates, managers, and/or supervisors at the time of Plaintiff's termination. *See generally* ECF No. 1-1.

of the action until . . . arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. However, where no party has requested a stay and the order compelling arbitration disposes of all issues in the case, the district court may properly dismiss the plaintiff's claims in the form of a final order. *Armijo v. Prudential Ins. Co. of Am.*, 72 F.3d 793, 796–97 (10th Cir. 1995). Defendants have moved for dismissal and no party requests a stay. Accordingly, the Court will dismiss Plaintiff's claim with prejudice in lieu of staying the action.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Compel Arbitration and Dismiss Plaintiff's Claims with Prejudice (ECF No. 9) is **GRANTED**. The parties are **DIRECTED** to proceed to arbitration, and all pending claims are hereby **DISMISSED WITH PREJUDICE**.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE